B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> JP Morgan Chase Bank, N.A. | **DEFENDANTS** <br> John Joseph Altorelli |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Evans, Feldman & Ainsworth, L.L.C. <br> 261 Bradley Street <br> New Haven, CT  06510   203 772-4900 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor     ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor     ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for non-dischargeability of debt under 11 U.S.C. Section 523(a)(2)(A) and (B)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>John Joseph Altorelli | BANKRUPTCY CASE NO.<br>14-51790 (AHWS) | | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Alan H.W. Shiff | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>April 20, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Richard C. Feldman | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

------------------------------------------------X
IN RE:

JOHN JOSEPH ALTORELLI,

       DEBTOR.                               CASE NO. 14-51790 (AHWS)

------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,        CHAPTER 7

    PLAINTIFF,                       ADV PRO. NO:

   -against-

JOHN JOSEPH ALTORELLI,

    DEFENDANT.
------------------------------------------------X

COMPLAINT FOR DETERMINATION OF THE DISCHARGEABILITY OF DEBT
UNDER 11 U.S.C. §523

Plaintiff, JPMorgan Chase Bank, N.A. by its attorneys, Evans, Feldman & Ainsworth, L.L.C., as and for its complaint against the Defendant, John Joseph Altorelli, upon information and belief, respectfully alleges as follows:

JURISDICTION AND PARTIES

1.     That, on or about November 25, 2014, John Joseph Altorelli ("Defendant" or "Debtor") filed a voluntary petition in the United States Bankruptcy Court for the District of Connecticut under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") under Case Number 14-51790.

2. Plaintiff brings this action pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (B), Federal Rules of Bankruptcy Procedure 4007(c), 7001(6) and (9) and asks the court to except from discharge the debts owed by the Debtor to Plaintiff.

3. That at all times hereinafter mentioned, Plaintiff, JPMorgan Chase Bank, N.A. ("Chase" "or "Plaintiff"), was and now is a national banking association authorized to do business in the State of New York with an office for the transaction of business located at 270 Park Avenue, New York, New York 10017.

4. Upon information and belief, the Debtor was and is at all relevant times hereafter mentioned an individual residing at 44 Lillis Road, New Milford, CT 06776.

5. This is an adversary proceeding under Bankruptcy Rules 7001(6) and 7001(9) to declare the Debtor's debt to Chase non-dischargeable pursuant to Sections 523 (a)(2)(A), and 523 (a)(2)(B).

6. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, and 11 U.S.C. § 523, as the proceeding arises under and relates to the Debtor's bankruptcy case and is a core proceeding pursuant to 28 U.S.C. §157 (b)(1),(b)(2)(A), and (I).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**FACTUAL BACKGROUND**

8. At all times relevant herein the Debtor was an attorney who advised clients in the financial services and private equity industry in connection with mergers and acquisitions, private equity, structured finance and corporate finance transactions. He has extensive experience in the financial services and private equity industry. He represents private equity funds, financial institutions, hedge funds, venture capital funds,

publicly traded companies, investment banks, entrepreneurs, emerging growth companies and privately held companies in a variety of industries, including financial services, real estate, insurance, apparel, biosciences, software, Internet, media, energy and communications. He is admitted to practice in the states of Connecticut and New York.

9. From at least January 1, 2009 and on or about February 2, 2012, the Debtor was a partner in the law firm of Dewey & Leboeuf, LLP ("Dewey"). Upon information and belief, the Debtor served on Dewey's Executive Committee.

10. On or about May 29, 2012, Dewey filed for protection under Chapter 11 of the Bankruptcy Code (Case No. 12-12321 U.S. Bankruptcy Court, Southern District of New York) (the "Dewey Bankruptcy").

11. On or about January 10, 2014, the Liquidating Trustee for the Dewey & LeBoeuf Liquidation Trust filed an Adversary Complaint against the Debtor in the Dewey Bankruptcy (Case No. 14-01015 U.S. Bankruptcy Court, Southern District of New York) (the "Dewey Adversary Complaint").

12. The Dewey Adversary Complaint seeks to recover, *inter alia*, distributions from the Debtor in excess of twelve million dollars.

13. Subsequent to the filing of the Dewey Chapter 11, the Debtor was employed as a partner in the law firm of DLA Piper.

### LINES OF CREDIT EXTENDED TO THE DEBTOR BY CHASE

14. In January, 2012, the Debtor requested a $500,000.00 line of credit from Chase.

15. On or about January 24, 2012, Chase approved the Debtor's application and extended the Debtor a $500,000.00 line of credit and the Debtor executed a Note

dated as of February 3, 2012, wherein he promised to repay all advances under the line of credit on or before February 15, 2013 (the "2012 Line of Credit").

16. As of July 3, 2013, the 2012 Line of Credit remained due and there remained a principal balance thereon of $500,000.00.

17. At the Debtor's request, Chase provided an additional credit facility to him to extend the time for repayment of the balance on the 2012 Line of Credit. On or about July 9, 2013, the Debtor delivered to Chase his promissory note in the amount of $500,000.00 payable in equal consecutive monthly payments of $2,777.78 with final maturity on July 31, 2014 (the "2013 Note").

18. As of July 31, 2014 the 2013 Note remained due and there remained a principal balance thereon of $463,889.00.

19. Again the Debtor requested that Chase provide an additional credit facility to him to extend the time for repayment of the balance on the 2013 Note.

20. On or about August 19, 2014, the Debtor executed an extension of credit form to extend the 2013 Note which form contained the acknowledgement that it was his "understand[ing] that [Chase] is relying on the information provided herein (including the designation made as to ownership of property) in deciding to grant or continue as extension of credit. Each undersigned represents and warrants that the information provided is true and complete, and [Chase] may consider this statement as continuing to be true and correct until a written notice of a change is given to [Chase]by the undersigned]."

21. On or about September 18, 2014, the Debtor delivered to Chase his promissory note in the amount of $463,888.86 payable in equal consecutive monthly payments of $2,777.78 with final maturity on July 31, 2015 (the "2014 Note").

22. In executing the 2014 Note, the Debtor represented and warranted that:

> There are no actions, suits, investigations or proceedings pending or, to the best of the [Debtor's] knowledge, threatened at law, in equity, in arbitration or by or before any other authority involving or affecting: (i) the [Debtor] that, if adversely determined, are likely to have a material adverse effect on the prospects or condition of the [Debtor]; (ii) any material part of the assets or properties of the [Debtor] ....

23. At the time the Debtor executed the 2014 Note, he was a defendant in the Dewey Adversary Complaint which sought to avoid and recover over twelve million dollars from the Debtor.

24. The Debtor failed to make the payments due under the 2014 Note and there remains due thereon the sum of $461,923.84.

## THE DEBTOR'S AUGUST 2104 PERSONAL FINANCIAL STATEMENT AND BANKRUCPTY SCHEDULES

25. To induce Chase to accept the 2014 Note, the Debtor provided Chase with a written Personal Financial Statement dated August 19, 2104 evidencing his financial condition and detailing his assets and liabilities (the "Personal Financial Statement").

26. The Debtor represented and warranted that the information provided in the Personal Financial Statement was true and complete.

27. The Personal Financial Statement contains materially false and inaccurate information regarding the Debtor's financial condition.

28. The Debtor's Personal Financial Statement was designed to induce, and did induce, Chase to enter into the 2014 Note based upon calculated misrepresentations of the Debtor's financial condition.

29. On December 31, 2014, the Debtor submitted his Statement of Financial Affairs in support of the Petition (the "Schedules"). The Schedules contained over 62 pages.

30. The information in the extensive Schedules was attested to by the Debtor and does not correlate with the information provided in the Personal Financial Statement executed approximately three months earlier.

31. Discrepancies between the Personal Financial Statement and the Schedule are:

(A) The Personal Financial Statement stated that the Debtor had "Art" valued at $250,000.00. The petition lists multiple items of paintings and photography valued at $5.00 to $500.00 having a total value of $1,000.00 (Doc. 13, Page 24);

(B) The Personal Financial Statement lists "wine cellar inventory" valued at $120,000.00." The petition lists a "wine collection" valued at $8,100.00 (Doc. 13, Page 24).

(C) The Personal Financial Statement lists "jewelry" valued at $325,000.00. The petition lists "furs and jewelry" valued at $16,230.00 (Doc. 13, Page 5, Item 7).

(D) The Personal Financial Statement lists "antiques" valued at $150,000.00. Corresponding items do not appear in the petition.

32. The total value of personal property listed in the Personal Financial Statement is $3,079,000. The total value of personal property listed in the Petition is $76,495.00, a discrepancy of $3,002,506.00.

33. The Debtor's 341 Examination was held on February 11, 2015.

34. At his 341 examination, the Debtor testified that he had not sold or gifted any significant personal property within the past four years.

## AS AND FOR A FIRST CAUSE OF ACTION

35. Chase re-states and realleges the allegations contained in paragraphs 1-34 as if set forth fully herein.

36. Section 523(a)(2)(A) of the Bankruptcy Code provides, in pertinent part, that (a) a discharge under section 727 . . . of this title does not discharge an individual debtor from any debt – (2) for money, property, services, or an extension renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...." 11 U.S.C. § 523(a)(2)(A).

37. At the time the Debtor made the misrepresentations relating to the value of his personal property and his knowledge of the threatened and actual litigation by the Dewey Trustee, the Debtor had knowledge of the falsity of such misrepresentations or reckless disregard or gross recklessness as to their truth.

38. The Debtor made the misrepresentations with the intent to deceive Chase.

39. The Debtor made the misrepresentations to induce Chase to advance funds to him.

40. Chase reasonably relied on the misrepresentations when deciding to enter into the 2014 Note.

41. Chase reasonably believed the misrepresentations were true, was deceived thereby, and acted in reasonable reliance upon the misrepresentations.

42. Chase suffered losses as the result of the Debtor's misrepresentations.

WHEREFORE, Chase respectfully requests that the Court enter judgment under Section 523(a)(2)(A) of the Bankruptcy Code that Debtor's debt to Chase in non-dischargeable.

## AS AND FOR A SECOND CAUSE OF ACTION

43. Chase re-states and realleges the allegations contained in paragraphs 1 - 42 as if set forth fully herein.

Section 523(a)(2)(B) of the Bankruptcy Code provides, in pertinent part, that:

> A discharge under Section 727, 1141, 1228(a) and 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> > (2) for money, property or services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> > ...
> > (B) use of a statement in writing –
> > > (i) that is materially false;
> > > (ii) respecting the debtor's or an insider's financial condition;
> > > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > > (iv) that the debtor caused to be made or published with intent to deceive.

44. In applying for the 2014 Note, the Debtor submitted a Personal Financial Statement dated as of August 1, 2014, which were statements in writing to Chase, and which were materially false.

45. The Personal Financial Statement and the information provided therein was provided to Chase for the purpose of obtaining or maintaining credit.

46. The Personal Financial Statement contained materially false and inaccurate information regarding the Debtor's financial condition and his assets and liabilities.

47. At the time the Debtor provided the Personal Financial Statement to Chase, the Debtor had knowledge of the falsity of the material misrepresentations or reckless disregard or gross recklessness as to their truth.

48. The Debtor further represented and warranted that the information provided was true and complete and that Chase may consider the Personal Financial Statement as continuing to be true and complete until otherwise notified.

49. The Debtor knew, or should have known, that the Personal Financial Statement would be relied upon by Chase.

50. Chase reasonably relied on the Debtor's Personal Financial Statement in agreeing to the 2014 Note.

51. The Debtor's Personal Financial Statement was designed to induce, and did induce, Chase to enter into the 2014 Note based upon the statements regarding the Debtor's financial condition.

52. The Debtor submitted his Personal Financial Statement with the intent to deceive Chase as to his financial condition so that Chase would enter into the 2014 Note.

53. As a result of the foregoing, Chase respectfully seeks to have its debt declared non-dischargeable.

WHEREFORE, Plaintiff, Chase, prays that the Court determine that the debt owed to it by John Joseph Altorelli, be declared non-dischargeable and render judgment for Chase in the amount of its debt, plus interest and attorney's fees and for such other and further relief which this Court deems just, proper and equitable.

Dated: April 20, 2015

Evans, Feldman & Ainsworth, L.L.C.
Attorneys for Plaintiff
JPMORGAN CHASE BANK, N.A.

By _____
Richard C. Feldman
Evans, Feldman & Ainsworth, L.L.C.
261 Bradley St. Box 1694
New Haven, CT  06507-1694
Tel. 203 772-4900
Fax. 203 782-1356
rcfeldman@efanda-law.com
ct. bar no. 05931